## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No.

GREAT AMERICAN INSURANCE COMPANY,

     **Plaintiff,**

v.

FREDERICK ROBERT WELLERS, Individually,

     **Defendant.**

## COMPLAINT

Plaintiff, Great American Insurance Company ("GAIC"), by and through its undersigned counsel, The Hustead Law Firm, *A Professional Corporation*, submits its Complaint against Defendant Frederick Robert Wellers ("Defendant Wellers"), individually.

## PARTIES

1.     Plaintiff GAIC is an Ohio Corporation with its principal place of business located at 301 E. Fourth Street, 24th Floor, Cincinnati, OH 45202.

2.     Defendant Wellers is an individual residing at 140 Humboldt Street, in the City and County of Denver, State of Colorado.

## JURISDICTION AND VENUE

3.     This Court has personal jurisdiction over Defendant Wellers because he resides in the State of Colorado.

4.      The Court has original subject matter jurisdiction over Plaintiff GAIC's Complaint against Defendant Wellers pursuant to 28 U.S.C. § 1332 (diversity), because the amount of Plaintiff GAIC's claims against Defendant Wellers exceeds $75,000 and Plaintiff GAIC is a citizen of a different state than Defendant Wellers.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Wellers resides in this District.

## GENERAL ALLEGATIONS

6.      In or about 2011, GAIC, as surety, issued to JB Blanco Enterprises, Inc. ("JB Blanco Enterprises") performance and payment Bonds (the "Bonds") in connection with a construction project located at the United States Air Force Academy in Colorado (the "Project").

7.      To induce GAIC to issue the Bonds, and in partial consideration for GAIC's issuance of the Bonds, on March 22, 2011, Defendant Wellers (together with his former spouse Jeanette Blanco-Wellers and JB Blanco Enterprises) entered into an Agreement of Indemnity with GAIC. (A copy of the Agreement of Indemnity is attached hereto as **Exhibit A**).

8.      Pursuant to the Agreement of Indemnity, Defendant Wellers agrees to indemnify GAIC for any payments GAIC made on the Bonds. Specifically, Paragraph 2 of the Agreement of Indemnity provides, in pertinent part:

> SECOND The Undersigned, jointly and severally, shall exonerate, indemnify, hold harmless and keep the Surety indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which the Surety

2

may sustain and incur (1) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of the Undersigned, (2) By reason of the failure of the undersigned to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms covenants or conditions of this Agreement….

9.     Pursuant to the Agreement of Indemnity, Defendant Wellers agrees to pay GAIC the amounts owed under the Agreement of Indemnity upon GAIC's demand. Specifically, Paragraph 2 of the Agreement of Indemnity provides, in pertinent part:

Payment by reason of the aforesaid causes shall be made to the Surety by the Undersigned, upon demand by the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payments therefore. The amount of such payment to the Surety by the Undersigned shall be determined by the Surety and the Surety's demand for payment hereunder may at the Surety's option be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with Surety by or on behalf of the Undersigned. The Surety shall have the right to use the payment, or any part thereof, in payment or settlement of any liability, loss or expense for which the Undersigned would be obligated to indemnify the Surety under the terms of this Agreement….The Surety's demand shall be sufficient if sent by registered or certified mail, by facsimile transmission, or by personal service to the Undersigned at the address stated herein, or at the addresses of the Undersigned last known to the Surety, regardless of whether such demand is actually received.

10.      Pursuant to the Agreement of Indemnity, Defendant Wellers agrees that his failure to pay GAIC amounts owed under the Agreement of Indemnity, upon GAIC's demand, would cause GAIC irreparable harm for which it had no adequate remedy at law. Specifically, Paragraph 2 of the Agreement of Indemnity provides, in pertinent part:

> The Undersigned acknowledge that the failure of the Undersigned to deposit with the Surety, immediately upon demand, the sum demanded by the Surety as payment shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law.

11.      Pursuant to the Agreement of Indemnity, Defendant Wellers agrees that GAIC would be entitled to injunctive relief or specific performance of any of his obligations under the agreement of indemnity and that he waived any claim to the contrary. Specifically, Paragraph 2 of the Agreement of Indemnity provides, in pertinent part:

> The Undersigned agree that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of the Undersigned under this Agreement including the obligation to pay the Surety the sum demanded and hereby waive any claim or defense to the contrary.

12.      Pursuant to the Agreement of Indemnity, Defendant Wellers agrees that GAIC may charge for any and all disbursements it made in good faith regarding the Project and matters contemplated under the Agreement of Indemnity, and that any vouchers, invoices, an affidavit or other evidence of such payments would be *prima facie* evidence of the fact and amount of these payments, and Defendant Weller's liability to GAIC for such payments. Specifically, Paragraph 2 of the Agreement of Indemnity provides, in pertinent part:

In the event of any payment of any kind by the Surety, the Undersigned further agrees that in any accounting between the Surety and the Undersigned, the Surety shall be entitled to charge for any and all disbursements made by the Surety in good faith in and about the matters herein contemplated by this Agreement under the belief that the Surety is or was liable for the sums and amounts so dispersed, or that it was necessary or expedient for the Surety to make such disbursements, whether or not such liability, necessity or expediency existed, and that the vouchers, invoices, an affidavit or other evidence of such payments made by the Surety shall be prima facie evidence of the fact and amount of the Undersigned's liability to the Surety.

13.     Pursuant to the Agreement of Indemnity, Defendant Wellers authorizes GAIC, through its attorney, to appear in a court and confess judgment on any amounts Defendant Wellers owes under the Agreement of Indemnity, and agrees to waive service of process. Specifically, Paragraph 2 of the Agreement of Indemnity provides, in pertinent part:

Each of the Undersigned authorizes and empowers any attorney in any state in the United States, at the request of the Surety, to waive the issuing and service of process and to appear for and confess judgment against the Undersigned for any sum or sums due under this Agreement, together with costs of suit, without stay of execution, waving inquisition and condemnation of real estate, and to release all errors and waive all rights of appeal and stay of execution on behalf of the undersigned.

14.    Claims in connection with the Project arose on the Bonds.

15.    In response to these claims arising on the Bonds, GAIC, pursuant to its obligations under the Bonds, paid these claims and Bond-related expenses, in the amount of $549,271.25.

16.    Pursuant to the Agreement of Indemnity, GAIC advised Defendant Wellers of the claims arising on the Bonds and GAIC's payment of these claims and Bond-related expenses in the amount of $549,271.25.  Moreover, GAIC demanded that Defendant Wellers, pursuant to his obligations under the Agreement to Indemnify, indemnify GAIC and pay GAIC the $549,271.25 due and owing.

17.    Notwithstanding GAIC's demand for payment of the $549,271.25 due and owing under the Agreement of Indemnity, Defendant Wellers has not paid GAIC this amount, or any other amount, owed under the Agreement of Indemnity.

18.    GAIC has also incurred, and continues to incur, attorneys' fees, costs and expenses relating to its efforts in pursuing reimbursement from Defendant Wellers under the Agreement of Indemnity, and in pursuing claims against Defendant Wellers in this matter.

19.    All conditions precedent to bringing and maintaining this action have been met or have occurred.

### FIRST CLAIM FOR RELIEF
#### (Breach of Express Contract)

20.    GAIC hereby incorporates by reference all the allegations contained in paragraphs 1-19 above as though fully set forth herein.

21.    Defendant Wellers entered into a valid and enforceable contract, *viz.*, the Agreement of Indemnity, with GAIC.

6

22.    Sufficient consideration supports the Agreement of Indemnity.

23.    GAIC substantially performed of its obligations under the Agreement of Indemnity.

24.    Defendant Wellers failed to meet his obligations under the Agreement of Indemnity, which constitutes a material breach of the Agreement of Indemnity.

25.    Defendant Wellers' breach of the Agreement of Indemnity has damaged GAIC, and Defendant Wellers is liable to GAIC for all losses and expenses incurred by GAIC as a result of the issuance of the Bonds including, but not limited to, bond payments, attorneys' fees, consulting fees, and costs, all as provided by the terms of the Agreement of Indemnity.

WHEREFORE, for the foregoing reasons, GAIC demands judgment against Defendant Wellers as follows:

- For all losses, expenses, costs and attorneys' fees, plus pre-and post-judgment interest at the maximum rate allowed by law, incurred by GAIC as a result of the issuance of the Bonds, and GAIC's failure to perform under the Agreement of Indemnity;

- For costs, interest, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of August, 2017.

THE HUSTEAD LAW FIRM
*A Professional Corporation*

*The Original Signature is on File at*
*The Hustead Law Firm, A Professional*
*Corporation*

*s/Patrick Q. Hustead*

Patrick Q. Hustead, Esq.
Michael D. Murphy, Esq.
The Hustead Law Firm, *A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
Ph. (303) 721-5000
pqh@thlf.com
mdm@thlf.com
*Attorneys for Plaintiff*

Address of Plaintiff:
301 E. Fourth Street, 24th Floor
Cincinnati OH 45202